IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| SARA LUEBANO, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 7:21-cv-233 |
| OFFICE DEPOT, LLC, | § § | |
| Defendant. | § § § | |

## DEFENDANT OFFICE DEPOT, LLC'S NOTICE OF REMOVAL

Defendant Office Depot, LLC ("Office Depot") hereby gives notice pursuant to 28 U.S.C. § 1446 that the above-styled action, filed in the 70th Judicial District Court of Ector County, Texas, Cause Number A-21-09-1125-CV, is removed to the United States District Court for the Western District of Texas, Midland-Odessa Division. The following grounds support removal in this action:

## I.
## BACKGROUND

1. On September 27, 2021, Plaintiff Sara Luebano ("Plaintiff") instituted this civil action by filing her Original Petition in the 70th Judicial District Court of Ector County, Texas. The state-court action is styled *Luebano v. Office Depot, LLC,* and was assigned cause number A-21-09-1125-CV ("State Court Action").

2. Office Depot accepted service of Plaintiff's Original Petition on November 10, 2021. *See* Exhibit 3. A copy of the docket sheet from the State Court Action is also attached hereto as Exhibit 2.

3. Plaintiff's Original Petition purports to assert at least three causes of action: (1) unlawful interference with leave protected by the Family and Medical Leave Act ("FMLA"); (2)

unlawful retaliation for taking leave protected by the FMLA; and (3) negligent hiring, supervision, training, and retention.

4. Plaintiff seeks primarily monetary relief, including lost wages, mental anguish and other damages. Plaintiff also seeks exemplary damages and attorney's fees.

## II.
## JURISDICTIONAL FACTS

5. This Court has original jurisdiction over this civil action because complete diversity of citizenship exists and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

6. This Court also has original jurisdiction over Plaintiff's federal FMLA claims and supplemental jurisdiction over her state law claims.

**A.   The Amount in Controversy Exceeds $75,000.00.**

7. The amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs. According to Plaintiff's Original Petition, Plaintiff earned $24.95 per hour at the time of her termination. Compl. ¶ 7. (APP. 2). She states that worked a minimum of forty hours per week. *Id.* at ¶ 8. (APP. 2). Plaintiff's annual pay was therefore approximately $51,896.00. Plaintiff seeks damages for past and future lost wages and mental anguish, exclusive of interests and costs. Thus, the amount in controversy is well over the $75,000.00 jurisdictional threshold and the first removal requirement under 28 U.S.C. § 1332(a) is satisfied.

**B.   Complete Diversity of Citizenship Exists.**

8. The second and final requirement for removal under 28 U.S.C. § 1332(a)(1) is also satisfied because this case involves citizens of different states. Plaintiff alleges that she is a citizen of the State of Texas. In contrast, Office Depot, LLC is wholly owned by ODP Investment, LLC, which is wholly owned by The ODP Corporation. The ODP Corporation is incorporated in the

State of Delaware and, and maintains its principal place of business outside of the State of Texas. Because Plaintiffs and Office Depot are not citizens of the same state, there is complete diversity between the parties in this action.

**C.      Plaintiff's Petition Presents a Federal Question.**

9.      Plaintiff's Original Petition alleges that Office Depot violated the Family and Medical Leave Act. Compl. ¶ ¶39-40, 42. (APP. 11-12).

10.     Plaintiff therefore brings claims arising under federal law which involve federal questions, and this Court is vested with original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**D.      The Court has Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

11.     28 U.S.C. § 1367 provides that in any action in which a federal district court has original jurisdiction, the district court also has supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12.     Plaintiff brings a claim for negligent hiring, supervision, training, and retention under Texas law. Compl. ¶ 41. (APP. 12). This claim is based on events occurring during her employment with Office Depot. Thus, her state law claims so related to her federal claims that they form part of the same case or controversy and this Court has supplemental jurisdiction over the claims.

### III.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

13.     Pursuant to 28 U.S.C. § 1446(a), a copy of all the process, pleadings, and orders served on Office Depot in this action accompanies this Notice of Removal.

14.     Venue is proper in the United States District Court for the Western District of

Texas, Midland-Odessa Division because it is the federal district and division that embraces the place where the State Court Action is pending. Office Depot files this Notice of Removal within thirty days of the date on which Office Depot was served with the summons and Plaintiff's Original Petition. As a result, removal is timely and proper.

15. Office Depot will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Filing Notice of Removal with the 70th Judicial District Court of Ector County, Texas.

## IV.
## PRAYER FOR RELIEF

16. Office Depot respectfully requests that this action be removed from the 70th Judicial District Court of Ector County, Texas to the United States District Court for the Western District of Texas, Midland-Odessa Division.

Dated: December 7, 2021

Respectfully submitted,

/s/ Jeremy W. Hawpe
   Jeremy W. Hawpe
   Texas Bar No. 24046041
   jhawpe@littler.com

LITTLER MENDELSON P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
Telephone: 214.880.8100
Facsimile: 214.880.0181

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  On December 7, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas and electronically served same, using the Case Management/Electronic Case Filing (CM/ECF) system of the Court, which will send a notice of electronic filing to the following counsel of record:

Lucy Nkechinyelumka "Kechi" Chukwurah
1900 W Gray
P.O. Box 130972
Houston, TX 77019
lucy@nlclawgroup.com

Attorney for Plainiff Sara Luebano

                */s/ Jeremy W. Hawpe*
                Jeremy W. Hawpe

4872-4451-0725.1 / 063095-1796